Caruthers J.,
delivered the opinion of the Court.
*319 John Prince made Ms will in 1849, and died in 1850. The clause in the will touching the slaves now in contest, is this:
“ I also further will and bequeath unto my son, Geo. H. Prince, negro girls, Martha and Prances, to be for the sole and separate use of my daughter, Jane W. Rroach, for and during the term of her natural life, and after her death, to be equally divided between such issue of her body as she may have living at her death, to them and their heirs forever.”
Jane W. Prince and the defendant were married in 1844, and the negro girl, Martha, was placed in their possession in 1845, without any deed of gift,' or even verbal evidence of the character of the transaction, but the possession and use has remained with the defendant up to this time. The girl Prances, was given to said Jane in 1847, when she was very small, and is yet retained. The said Jane died in 1856. This bill is filed to enforce the title of the children of Jane W. under the will. The defense is, that the right of defendant was perfect by the operation of the statute of limitations, upon the parol gift, before the .mating of the will, under which he has never claimed to hold the slaves? and the same can in no way affect his title. In other words, the defendant insists that the testator had no right to these slaves at the time of his death, and therefore could mate no valid disposition of them by his will.
Ry and since, our act of 1831, ch. 90, sec. 12, a gift of slaves, not in writing, is “ utterly void, and of no effect whatever,” even between the parties. Neely vs. Wood, 10 Yerg., 486. Rut an adverse possession by, or for the donee, of three years, under such invalid gift, *320 will make a good title. Wheaton vs. Weld, 9 Humph., 773. It is upon this last ground that the defendant rests his case. The result must depend upon .the facts; the law is ' clear. That he had the possession long enough to create a title under the statute, is not controverted. But more than this is required, he must hold and claim adversely to the former owner. This fact, as well as the other, must he made out by him, to show a change of the right.
Before the act of 1831, the delivery of a slave to a married daughter, without anything being said, would raise the presumption of a gift, and pass the title, but now it is presumed to be only a loan upon which the statute will not operate, unless an adverse holding, known to the bailor, be provided. If a gift, though by parol, be established, the possession of the donee would be taken to be in conformity to it, and consequently under a claim of title, and adverse to the donor. In such a case, the statute would make a good right in three years. That which was void, even between the parties by the act of 1831, would be made good by the act of limitations, or rather a new right would be created by time, operating upon the adverse possession.
But in the case before us, we have but the single fact of the transmission of possession and the use of the slaves, whether under a bailment or gift, we are left to conjecture. In such a case, we have seen that the presumption is against the gift, and therefore the bur-then of proof is upon the party claiming title against the original owner. An attempt is made to prove by a Mrs. Britt, that an express gift was made of Frances when very small, to Mrs. Broach, by the declarations of *321 her father; hut this is not sufficiently made out, as we think. Some evidence is adduced to the effect that the defendant refused to receive any property from his father-in-law, with any restrictions or limitations upon his power and control over it. This, if clearly made out, would he a circumstance tending to illustrate the character of this transaction, hut hy no means conclusive. Yet it is not proved with sufficient distinctness in this case, to operate with any force upon our conclusions. The payment of taxes hy Broach, is a very slight circumstance on the question of title, as this would he done prohahly hy a bailee, as well as a donee.
We have then the naked case here of property passing from the father to the use and possession of the daughter, without any explanation of the character of the transaction, and without more, we are asked to find that it was a gift, upon which the statute of limitations would run in favor of the defendant, and make for him in three years a good and indefeasible title against the donor. This we cannot do, according to the principles of law we have stated. It follows, from what has been said, that the title to these slaves remained in John Prince at the time he made his will and died, and consequently that the complainants have a right to recover them under the will.
The decree of the Chancellor to this effect, is affirmed.